Birchard, J.
The proof offered by the plaintiff shows that all tho right which Ann Donley, the testatrix, had in the lands, the proceeds of which are sought to be recovered by this suit, was conferred upon her by the last will and testament of heríate husband, John Donley. To that, then, we must look. The clauses of the will relating to this case read thus : “ I give and bequeath unto my beloved wife, Ann Donley, all my real and personal property except such as shall hereafter be described” (and, after describing certain property which is specifically.disposed of to other legatees, the will proceeds), “ All the remainder I allow my wife to have during her life, for her comfort and accommodation; and, at her death, I bequeath unto William Donley, son of Matthew Donley, 'deceased, $150; and, if my beloved wife should decease before ho *363 comes to the ago of twenty-one years, I allow my executors to put the money at interest until he comes of age; and I allow my executors to rent the place and give all the profits of it to her as she needs it; and, at her death, she is to bequeath it to whom she pleases.” To sustain their action, the plaintiffs assume that this will vested in Ann Donley the entire estate in the land, or at least such an interest that it is chargeable with her debts. The assumption is not warranted. The intention of the testator was to give her the use of the land during her life, with the power to dispose of it by will, at her death, to whom she might see proper. She did not take such an estate as would be liable for her debts, and the wards of the defendant *who acquired title by descent as heirs of their father, the devisee or appointees, by the will of Ann Donley, inherited that title free of any claim against it on her account. The position is too plain to need illustration or the support of the authorities. It shows that there is no evidence sufficient to entitle the plaintiff to recover.
Were it admitted, however, that the land in Pennsylvania was held by the heirs of John Donley, subject to the payment of the debts of Ann Donley, the proof would be insufficient to entitle plaintiff to a judgment. It is not competent evidence of the want of assets; and the averment that all her other property had been disposed of, must be sustained by evidence, to entitle the administrators to sell that which descended to the heirs. The proof to sustain this averment is the judgment and execution, with the sheriff’s return indorsed thereon. These were matters with which the heirs had nothing to do, and by which they should not be bound They are entitled to be heard in opposition to that judgment, and have still a right to controvert it, and to prove that it is not a just claim against the estate of their ancestor.
Still clearer is their right to contest the truth of the sheriff’s return, by showing that other assets remain in the hands of the' plaintiffs. It would never do to suffer the real estate of minor heirs to be taken from them upon proof that the administrator of the estate of their ancestor had suffered a return to an execution, of nulla bona, to be made. Supposing the execution to have been1 issued on a bona fide judgment, the return would follow as a mat-ter of course. The administrators could not suffer the assets to' bo levied on and sold; for that would defeat the statutes providing for the settlement of estates. The return, therefore, was no evi *364 denee of want of assets, and is not inconsistent with the supposition that these plaintiffs had an abundance of cash assets then in their hands.
The defendants were not bound to prove a negative, i. e., a want of assets in tho hands of the administrators. Before a final or partial settlement, or a report to the court of the amount *of assets and liabilities, made by these plaintiffs, the heirs could not well bo supposed capable of showing tho condition of the estate. The averment of a want of assets was an affirmative averment, which the administrators who managed the estate of Ann Donley, and knew how it had been disposed of, were better able to maintain than any one else, and which they ought to bo held to prove, by something better and more conclusive than the return of the sheriff.
Suppose the judgment had been rendered by collusion of plaintiffs, on a groundless claim, one that was barred by the statute of limitations, or on a contract founded on an illegal consideration— and it is clear that the heirs ought not to be concluded by it— they should not, in such a case, be compelled to suffer their land to be sold to satisfy it; and this shows tho propriety of requiring better proof. Considerations like these ought not to be overlooked.
Again, the lands of which the proceeds are sought, were situate in tho State of Pennsylvania. The guardian, under the authority conferred upon him by the laws of that state, and the orphans’ court, converted it into money. To that court, and within tho jurisdiction of that state, are he and his sureties responsible for the faithful administration of his trust. Itis'obvious that tho plaintiff could not have reached these lands, in order to subject them to the payment of the debts of tho testatrix, without tho aid of the laws and the probate courts of the state. What has been done, has changed the form of tho property; but it is still, to a great extent, substantially within that jurisdiction. In the hands of the guardian, who is responsible to the orphans’ court, and liable to be called on to account to that tribunal, we doubt seriously whether the law will raise an implied power against him, in favor of plaintiffs, upon which assumpsit can bo maintained. Were the fund needed, tho proper way to reach it, if to be reached at all through the aid of the courts of this state, would seem to be by bill in chancery, bringing into court all the devi *365, 366 seos, legatees, and heirs, so that a fair and just contribution of tho burden might be made amóng *them, and so that the legacies might be subjected according to the equities subsisting between tho parties.
Judgment for defendant.
Wood, C. J., was prevented from sitting in this case, by indisposition.